STONE et al. v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. June 3, 1893.)

No. 83.

CUSTOMS DUTIES—RIMS OF BICYCLE WHEELS.

Light steel rims used in the manufacture of bicycle wheels are dutiable under paragraph 215 of the tariff act of 1890 as nonenumerated articles composed of steel, and not under paragraph 185 of said act, as "wheels, or parts thereof, made of iron or steel, and steel-tired wheels for railway purposes, whether wholly or partly finished."

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

Charles D. Stone & Co. appealed to the circuit court from a decision of the board of appraisers classifying certain articles imported by them. The circuit court affirmed the board's decision, and the importers again appeal. Affirmed.

P. L. Shuman, for appellants.

Thomas E. Milchrist, for the United States.

Before GRESHAM and WOODS, Circuit Judges, and BUNN, District Judge.

BUNN, District Judge. The appellants imported certain steel rims used in the manufacture of bicycle wheels, and the question involved in this appeal is whether the articles were properly classified and taxed by the collector under paragraph 215 of the tariff act of 1890, which reads as follows:

"Manufactures, articles, or wares, not specially enumerated or provided for in this act, composed wholly or in part of iron, steel, lead, copper, nickel, pewter, zinc, gold, silver, platinum, aluminum, or any other metal, and whether wholly or partly manufactured, forty-five per centum ad valorem."

Or whether they are more properly dutiable under paragraph 185 of said act, as claimed by the importers, which is as follows:

"Wheels, or parts thereof, made of iron or steel, and steel-tired wheels for railway purposes, whether wholly or partly finished, and iron or steel locomotive, car, or other railway tires or parts thereof, wholly or partly manufactured, two and one-half cents per pound; and ingots, cogged ingots, blooms, or blanks for the same, without regard to the degree of manufacture, one and three-fourths cents per pound: provided, that when wheels or parts thereof, of iron or steel, are imported with iron or steel axles fitted in them, the wheels and axles together shall be dutiable at the same rate as is provided for the wheels when imported separately."

It seems clear that the board of general appraisers correctly held that the articles were properly classified under the first of the above provisions, and made dutiable at 45 per cent. ad valorem.

It is evident, from a careful consideration of the other provision, that it was intended to cover only heavy wheels for railway purposes, which are ordinarily cast and sold by weight, and cannot

be extended to cover light wheels like these, the element of chief value of which is the labor expended upon them, and which are sold, not by weight, but at a price mainly governed by the amount of labor which it takes to make them, and the excellence and fineness of the material of which they are composed. These bicycle rims, presumably, weigh two or three pounds, are made of the best steel, and the labor put into the manufacture is out of all proportion to the weight of the material. It would be a rather unlooked-for result if it should be found that they are properly classed with heavy car wheels for railway purposes, mainly cast and sold by weight, and where the chief value lies in the material, and which are properly charged under the tariff law at 2½ cents per pound. But it is quite evident from the provisions of paragraph 185 that such was not the intention of congress.

The attempt to punctuate that provision so as to separate "wheels, or parts thereof, made of iron or steel," from "steel-tired wheels for railway purposes," making a distinct class, unconnected with railway purposes, utterly breaks down when the entire provision and context are considered. The punctuation, which is commonly supplied by the printer, should not be made to overrule the evident meaning of the provision. The meaning should rather control the punctuation. Considering the entire provision, we are satisfied that the board of appraisers was correct when it held that the words "for railway purposes" impose a limitation upon all the articles specified in the paragraph, and that wheels of the kind in question, not being used for railway purposes, do not fall under this paragraph. There could be no conceivable reason for making these words apply to steel-tired wheels, and not to wheels or parts thereof made wholly of iron or steel; and, when we look at what follows, it appears quite conclusively that congress could have had no such intention. The provision, "and ingots, cogged ingots, blooms, or blanks for the same, without regard to the degree of manufacture, one and three-fourths cents per pound," shows clearly that congress, in this paragraph, was providing a cheap rate of duty for car wheels, at 2½ cents a pound, and another, still lower, for iron more nearly in the form of the raw material, and in a less advanced state of manufacture, to wit, "ingots, cogged ingots, blooms, or blanks, for the same;" that is, for the purpose of being made into car wheels or railway tires of the kinds described. This language can have no proper application to light wheels like these in question. And, again, the further provision, "that when wheels, or parts thereof, of iron or steel are imported with iron or steel axles fitted in them, the wheels and axles together shall be dutiable at the same rate as is provided for wheels when imported separately," shows that congress was providing a tariff rate for heavy wheels only, because it is only such that are fitted tightly upon their axles, in such a way that they cannot be separated.

We think the articles in question were properly dutiable under paragraph 215, and that the judgment of the circuit court, affirming the decision of the board of appraisers to that effect, should be affirmed.